United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40150
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JERRY DECKARD,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
(9:02-CR-41-1)
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

     Defendant-Appellant Jerry Deckard appeals following his
conditional guilty plea to possession with intent to distribute
more than 500 grams of cocaine, in violation of 21 U.S.C. §
841(a)(1), and felon in possession of ammunition, in violation of
18 U.S.C. § 922(g)(1). Deckard argues that the district court
erroneously denied his motion to suppress evidence.

     In reviewing the denial of a motion to suppress evidence
obtained pursuant to a search warrant, we determine: (1) whether

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the good-faith exception to the exclusionary rule applies; and (2) if not, whether probable cause supported the warrant. United States v. Cavazos, 288 F.3d 706, 709 (5th Cir. 2002). Deckard argues that the good-faith exception does not apply because the affidavit on which the search warrant was based was so lacking in indicia of probable cause that no reasonable officer could rely on the warrant in good faith.

The warrant affidavit indicated that the police had learned from two confidential informants that Deckard was a substantial cocaine supplier and that one of the informants had delivered cocaine to Deckard's residence within the previous two years. The affidavit also indicated that the police had been investigating Deckard for six months, and stated that within hours before applying for the warrant, the officers personally examined abandoned trash placed at the curb of Deckard's residence and discovered materials used in the packaging of narcotics. In addition, a field test for cocaine residue proved positive, and the police had discovered correspondence, bills, and a prescription bottle in the names of Deckard and his girlfriend, thereby linking the trash to Deckard. Deckard's challenge to the warrant affidavit is without merit, and the district court did not err in denying the suppression motion. See United States v. Satterwhite, 980 F.2d 317, 321 (5th Cir. 1992); United States v. Raborn, 872 F.2d 589, 596 (5th Cir. 1989); United States v. May, 819 F.2d 531, 536 (5th Cir. 1987).

AFFIRMED.